UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Joshua Merritt,<br><br>               Plaintiff,<br>v.<br><br>CDYNE Corp. d/b/a CKS Financial; and DOES 1-10, inclusive,<br><br>               Defendant. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Joshua Merritt, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Joshua Merritt ("Plaintiff"), is an adult individual residing in Norristown, Pennsylvania, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, CDYNE Corp. d/b/a CKS Financial ("CKS"), is a Virginia business entity with an address of 2125 Smith Ave., Chesapeake, Virginia 23321, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by CKS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. CKS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to CKS for collection, or CKS was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CKS Engages in Harassment and Abusive Tactics

12. CKS placed a call to Plaintiff's brother, a third party, on or about July 28, 2011.

13. CKS threatened to arrest Plaintiff's brother if he did not provide CKS with Plaintiff's whereabouts.

14. Plaintiff placed a call to CKS on or about July 28, 2011 in response to its call to Plaintiff's brother.

15. CKS failed to identify itself or inform Plaintiff that it was attempting to collect the Debt. Instead a CKS representative simply identified himself as "Drake."

16. CKS told Plaintiff that if he did not immediately reach a payment arrangement with CKS then it would repossesses Plaintiff's car, take legal action against Plaintiff and send a sheriff to arrest Plaintiff. No such action has been taken to date.

17. Plaintiff informed CKS that the Debt was past the statute of limitations and that he did not have any intention of paying the Debt. In response, CKS told Plaintiff that he made a payment towards the Debt in 2008. When Plaintiff asked CKS told provide him with proof of this alleged payment, CKS stated that it was unable to do so.

18. Despite Plaintiff telling CKS that he would not pay the Debt, it has placed as many as five (5) calls a day to his cellular telephone.

19. CKS has placed calls to Plaintiff after 9p.m. and prior to 8a.m. in an attempt to collect the Debt.

C. **Plaintiff Suffered Actual Damages**

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *ET SEQ.*

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

25. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

27. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m.

28. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.


30. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

31. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the debt.

33. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with imprisonment if the debt was not paid.

34. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with seizure of his property if the debt was not paid.

35. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

36. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

37. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

38. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

39. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATIONS OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT, 73 P.S. § 2270, *ET SEQ.*

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The Plaintiff is a "consumer," as defined in 73 P.S. § 2270.3.

42. The Defendants are each individually a "debt collector" as defined in 73 P.S. § 2270.3.

43. The Defendants violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., which constitutes an unfair or deceptive practice under 73 P.S. § 2270.4(a).

44. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

45. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

47. Pennsylvania further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Pennsylvania state law.

48. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with excessive phone calls and abusive language.

49. The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

50. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

51. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

52. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT IV

### VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1, *ET SEQ.*

53. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The Defendants' violations of the Pennsylvania Fair Credit Extension Uniformity Act constitute per se violations under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

55. The Defendants' acts were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

56. As a result of the Defendants' violations, the Plaintiff has suffered ascertainable losses entitling the Plaintiff to actual, statutory and treble damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and 73 P.S. § 2270.5 against the Defendants;

4. Statutory damages pursuant to 73 P.S. § 2270.5(c);

5. Actual damages pursuant to 73 P.S. § 201-9.2(a);

6. Statutory damages pursuant to 73 P.S. § 201-9.2(a);

7. Treble damages pursuant to 73 P.S. § 201-9.2(a);

8. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

9. Punitive damages; and

10. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 25, 2011

Respectfully submitted,

By: JBB8445

Jody B. Burton, Esq.
Bar No.: 71681
LEMBERG & ASSOCIATES L.L.C.

1100 Summer Street, 3${}^{rd}$ Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff